# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| **CITY LINE BEHAVIORAL HEATHCARE, LLC.,** | ) | **Case No. 19-12493-MDC** |
| Debtor. | ) | |
| **In re:** | ) | **Chapter 7** |
| **LIFE OF PURPOSE PENNSYLVANIA.,** | ) | **Case No. 19-12493- MDC** |
| Debtor. | ) | |
| **In re:** | ) | **Chapter 7** |
| **MCI REAL ESTATE HOLDINGS.,** | ) | **Case No. 19-12495- MDC** |
| Debtor. | ) | |

**APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AUTHORITY TO EMPLOY
<u>GELLERT SCALI BUSENKELL & BROWN LLCAS GENERAL COUNSEL,</u>**

Gary F. Seitz, Esquire, the chapter 7 trustee (the "Chapter 7 Trustee") of the bankruptcy estate of the above-captioned debtors (the "Debtors"), hereby respectfully submits this application (the "Application"), pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to employ and retain Gellert Scali Busenkell & Brown LLC ("GSBB") as general counsel to the Chapter 7 Trustee in each of the three cases, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

## BACKGROUND

4. On April 17, 2019 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code.

5. On April 17, 2019, Gary F. Seitz was appointed the Chapter 7 Trustee by the United States Trustee in each of these three cases.

6. The Trustee has investigated connections and conducted conflict checks to ensure that none of these three estates have a claim against any of the other two.

7. The Chapter 7 Trustee has a need for legal services in connection with the administration of these cases and has decided to retain GSBB to provide legal services. By using one firm as general counsel for all three cases, the Trustee feels significant cost savings will result.

**8.** Based on the preliminary investigation of the Chapter 7 Trustee, at the time of the bankruptcy filing the Debtors appears to have assets that may provide value to the estate for the benefit of all creditors.

9. The Chapter 7 Trustee, in the exercise of his business judgment, has decided to retain GSBB, to assist with the recovery and liquidation of the Debtors' assets and other duties in connection with the further administration of this Chapter 7 case pursuant to sections 327 and 328 of the Bankruptcy Code.

10. Section 328(a) of the Bankruptcy Code empowers a Chapter 7 trustee to employ, subject to court approval, an attorney to perform services for a Chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11. Pursuant to section 327 of the Bankruptcy Code, a Chapter 7 trustee may employ an attorney to represent or assist the Chapter 7 trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

12. GSBB has advised the Chapter 7 Trustee that neither GSBB nor any partner, counsel or associate of GSBB (i) holds a disqualifying conflict or adverse interest in connection with the Debtors' cases; or (ii) represents any other entity having a disqualifying adverse interest in connection with the Debtors' cases.

13. The Chapter 7 Trustee has selected GSBB because of its attorneys' experience and knowledge with respect to chapter 7 case administration and believes that GSBB has no disqualifying conflict of interest in any of these cases. GSBB has advised the Chapter 7 Trustee that GSBB may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtor's pending Chapter 7 case, entities that are claimants of the Debtor or other parties-in-interest in this Chapter 7 case. GSBB has not—except as disclosed in the Verified Statement—and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Chapter 7 Trustee, the Debtor, or this Chapter 7 case. The Chapter 7 Trustee believes GSBB is qualified to represent the Chapter 7 Trustee in this case.

14. The services GSBB may be required to render for the Chapter 7 Trustee include, without limitation, the following:

    (a)    liquidation and administration of Debtors' property;

    (b)    prosecuting collection actions and avoidance actions, if any;

    (c)    analyzing, and where appropriate, objecting to or otherwise resolving claims filed against this estate or the collateral;

    (d)    reviewing and representing the Chapter 7 Trustee in all matters concerning retention of professionals and their fee applications;

    (e)    provide the Chapter 7 trustee with legal advice with respect to his power and duties; and

    (f)    rendering any other services that the Chapter 7 Trustee deems appropriate in his business judgment.

15.    The Chapter 7 Trustee requests that GSBB be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that GSBB incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered and in accordance with the rules and orders of the Court concerning compensation and reimbursement of expenses on an interim basis.

16.    GSBB has advised the Chapter 7 Trustee that GSBB's hourly rates for services rendered range from $350 to $500 per hour for partners, from $200 to $325 per hour for counsel/associates and from $75 to $200 per hour for paralegals and paralegal assistants. The Chapter 7 Trustee submits that GSBB's customary hourly rates are reasonable.

## **CONCLUSION**

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an Order, substantially in the form of the Order annexed hereto, authorizing the retention of GSBB as general

counsel to the Chapter 7 Trustee, in connection with the Debtors' Chapter 7 cases and grant such other and further relief as is just.

Dated: April 24, 2019
      Philadelphia, Pennsylvania

GELLERT SCALI BUSENKELL & BROWN LLC

By: /s/Gary F. Seitz
Gary F. Seitz (PA ID #52865)
Holly S. Miller (PA ID #203979)
8 Penn Center
1628 John F. Kennedy Blvd, Suite 1901
Philadelphia, PA 19103
Telephone: (215) 238-0010
Facsimile: (215) 238-0016
gseitz@gsbblaw.com
hsmiller@gsbblaw.com
Proposed Counsel to the Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **In re:** ) | **Chapter 7** |
| ) | |
| **CITY LINE BEHAVIORAL** ) | **Case No. 19-12493-MDC** |
| **HEATHCARE, LLC.,** ) | |
| ) | |
| **Debtor.** ) | |
| ) | |
| **In re:** ) | **Chapter 7** |
| ) | |
| **LIFE OF PURPOSE PENNSYLVANIA.,** ) | **Case No. 19-12493- MDC** |
| ) | |
| **Debtor.** ) | |
| ) | |
| **In re:** ) | **Chapter 7** |
| ) | |
| **MCI REAL ESTATE HOLDINGS.,** ) | **Case No. 19-12495- MDC** |
| ) | |
| **Debtor.** ) | |
| ) | |

**<u>VERIFIED STATEMENT</u>**

In accordance with Bankruptcy Rule 2014, I, Gary F. Seitz, hereby state as follows:

1. I am an attorney and counsel at law, duly admitted to practice in the Commonwealth of Pennsylvania and in this Court.

2. I am a member of the law firm of Gellert Scali Busenkell & Brown LLC ("GSBB") with an office at 8 Penn Center, 1628 John F. Kennedy Blvd, Suite 1901, Philadelphia, Pennsylvania 19103.

3. To the best of my knowledge, information, and belief, neither I nor any member of GSBB has any connection with the debtors, creditors, or any other party-in-interest, their respective attorneys or accountants as contemplated within the meaning of Fed.R.Bankr.P. 2014(a). Attached hereto in <u>Exhibit A</u> are contacts identified between GSBB, parties in interest and their counsel.

4. Neither I nor GSBB has any interest adverse to the debtors' estates in the matters upon which I and the firm are to be engaged. GSBB is not an insider or affiliate of the Debtors. GSBB was never employed by the Debtors. GSBB has conducted conflict searches using the names of various entities and persons associated with the debtors and has uncovered no connections other than those disclosed in Exhibit A. The search is ongoing and the disclosures will be supplemented if any connections are uncovered.

5. Based on the foregoing, to the best of my knowledge, GSBB and I are a "disinterested person" as that term is defined in Section 101(14) of Title 11 of the United States Code.

6. The hourly rates for services provided by the firm are

    (a) Partners' hourly rate of $350-$500;

    (b) Counsel/Associates' hourly rate of $200-$325; and

    (c) Paralegals' hourly rate of $75-$200.

7. Although the rates set forth herein are the rates anticipated to be charged for the services rendered to the Chapter 7 Trustee, these rates are subject to change should GSBB in the future, re-evaluate the value of its services and increase the hourly rates to be charged to clients for services rendered by the firm. Additionally, from time to time, other attorneys or paralegals may be required to render services as the case dictates.

        /s/ Gary F. Seitz
    Gary F. Seitz

Dated: April 25, 2019
Philadelphia, PA