**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **In re:** ) | **Chapter 7** |
| ) |  |
| **CITY LINE BEHAVIORAL** ) | **Case No. 19-12493-mdc** |
| **HEALTHCARE, LLC,** ) |  |
| ) |  |
| **Debtor.** ) |  |
| ) |  |

**APPLICATION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO EMPLOY QUAKER CITY AUCTIONEERS, INC. AS HIS AUCTIONEER PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND FED.R.BANKR.P.2014 AND 5002(b)**

Gary F. Seitz, Esquire, the chapter 7 trustee (the "Trustee") of the above captioned debtor (the "Debtor") estate, states in support of this application (the "Application") to employ Quaker City Auctioneers, Inc., ("Quaker City" or "Auctioneer") as his Auctioneer pursuant to §§ 327 and 328 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Fed.R.Bankr.P. 2014 and Local Bankruptcy Rule 9013-1(e), as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

## BACKGROUND

4. On April 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

5. On April 17, 2019, Gary F. Seitz was appointed as the Chapter 7 Trustee.

6. On the Petition Date, the Debtor had an interest in certain office equipment and furniture ("Sale Assets").

7. The Trustee has asked Quaker City to represent his interest as his Auctioneer in appraising and conducting an auction, other sale and/or locating a buyer in connection with the Sale Assets of the Debtor.

## RELIEF REQUESTED

8. The Trustee wishes to employ Quaker City as his Auctioneer or Sales Agent/Broker.

9. Section 327 (a) of the Bankruptcy Code provides, in part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterest persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

10. Section 328(a) of the Bankruptcy Code provides, in part, as follows:

> The Trustee . . . with the court's approval, may employ or authorize the employment of a professional person under § 327 . . . of this title . . . on any reasonable terms and conditions of employment including a retainer, an hourly basis, or on a contingent fee basis.

11 U.S.C. §328(a).

11. Fed.R.Bankr.P. 2014 provides, in part, as follows:

> An order approving the employment of attorneys, accountants, or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the Trustee.

12. The Trustee seeks to retain Quaker City because:

   a. Quaker City has extensive experience and knowledge in the field of equipment appraisal and sale;

   b. according to information received, the Trustee believes that the Sale Assets have value;

   c. the Debtor has ceased operations;

   d. sale of the Sale Assets with Quaker City's assistance is the best means by which the value of the Sales Assets can be determined and preserved;

   e. the Trustee believes that Quaker City is well qualified to represent him as Sales Agent/Broker in this Chapter 7 case. Quaker City has substantial expertise in both appraisal and sale of various kinds of goods and will act as an agent for the Trustee in appraising and selling the Sales Assets.

13. Obtaining Quaker City's appraisal and auction services is necessary in order to enable to Trustee to execute his duties faithfully and complete the sale. Quaker City will be required to render the following services, as required, to the Trustee subject to the terms of the Affidavit attached hereto as Exhibit A and as set forth in the accompanying form of Order:

   a. Appraisal of the Sale Assets and any other assets:

      i. conducting an on-site inspection and initial estimation of the Sale Assets' value(s);

      ii. advising the Trustee as to the most appropriate method to effect the sale of the Sale Assets and any other assets to the extent it is determined that the such other assets have value;

      iii. preparation of the Sale Assets or other assets for sale at auction or private sale;

    b. Preparation of Sale Assets and other assets;

      i. Quaker city will, as necessary, prepare the Sale Assets for sale and transfer in an appropriate manner;

    c. Sale of Sale Assets or other remaining assets.

14. Quaker City will perform the duties required by and in consultation with the Trustee in connection with any private sale for a ten percent (10%) commission calculated on the gross proceeds (plus any actual and necessary expenses approved by the Court as set out below) realized from the sale of the Sale Assets or other assets, or if the Sale Assets are sold through an auction, Quaker City may elect, in consultation with the Trustee, to perform the duties required with a buyer's premium of fifteen percent (15%) for a live auction or eighteen percent (18%) for on-line auction, which includes on-line auction service fees. In the event that a buyer's premium is collected, Quaker City shall retain those proceeds as its fee and shall seek Court approval to recover any actual and necessary expenses other than service fees. Quaker City shall apply to the court for approval of reimbursement of any handling costs and advertising costs or other actual and necessary expenses to be paid out of the proceeds upon entry of a court order approving such costs. A copy of the bond issued for the benefit of the United States with respect to Quaker City's retention is attached hereto as Exhibit B. Quaker City also maintains liability insurance.

15. Quaker City will, upon completion of all services required by the Trustee in connection with any sale, file an application for compensation for services rendered pursuant to Fed.R.Bankr.R. 2016 and applicable Local Bankruptcy Rules.

16. Quaker City has informed the Trustee that it:

   a. has no connection with the Trustee, the Debtor's creditors or other parties in interest in this case;

   b. will turn over all proceeds of the sale(s) to the Trustee with a detailed accounting and report of sale, will file an application seeking an order approving reimbursement of any expenses in the nature of advertising, labor to accommodate a sale or out-of-pocket costs in connection with any sale.

17. Quaker City has not requested or received a retainer in connection with this case.

18. Quaker City is, in the Trustee's view, highly skilled. The Trustee, therefore, believes that the retention of Quaker City is in the best interest of the Debtor, its estate and its creditors.

19. The Trustee has provided notice of this Application to the Office of the United States Trustee, to the Debtor, and to all parties requiring notice. Because of the nature of the relief requested, the Trustee respectfully submits that no other or further notice of the relief requested in this Application need be given.

20. No previous request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Trustee requests entry of an Order authorizing him to employ Quaker City to represent him and the Debtor in this Chapter 7 case.

Dated: 6/4/2019                    GELLERT SCALI BUSENKELL & BROWN, LLC

                                      By:    */s/ Holly S. Miller*
                                             Gary F. Seitz, Esquire
                                             Holly S. Miller, Esquire
                                             1628 John F. Kennedy Blvd, Suite 1901
                                             8 Penn Center
                                             Philadelphia, PA 19103
                                             Telephone: (215) 238-0010
                                             Facsimile: (215) 238-0016
                                             Email: gseitz@gsbblaw.com
                                                       hsmiller@gsbblaw.com
                                             Counsel to the Chapter 7 Trustee