# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | ) Chapter 7 <br> ) <br> ) |
| **CITY LINE BEHAVIORAL HEALTHCARE, LLC,** | ) Case No. 19-12493-mdc <br> ) <br> ) |
| **Debtor.** | ) <br> ) |

## APPLICATION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO EMPLOY INTEGRITY BILLING, CO. AS HIS COLLECTION AGENT PURSUANT TO 11 U.S.C.§§ 327 AND 328 AND FED.R.BANKR.P.2014 AND 5002(b)

Gary F. Seitz, Esquire, the chapter 7 trustee (the "Trustee") of the above captioned debtor (the "Debtor") estate, states in support of this application (the "Application") to employ Integrity Billing, Co., ("Integrity") as his Collection Agent pursuant to §§ 327 and 328 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Fed.R.Bankr.P. 2014 and Local Bankruptcy Rule 9013-1(e), as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

## BACKGROUND

4. On April 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

5. On April 17, 2019, Gary F. Seitz was appointed as the Chapter 7 Trustee.

6. On the Petition Date, the Debtor provided certain health care related services and other services to and for the benefit of patients and other persons or entities for a fee ("Fee" and collectively the "fees").

7. The Trustee has asked Integrity to represent his interest as his Collection Agent in the collection of delinquent accounts owed to the Debtor and to file insurance claims by electronic and paper means on behalf of the Trustee.

## RELIEF REQUESTED

8. The Trustee wishes to employ Integrity as his Collection Agent.

9. Section 327 (a) of the Bankruptcy Code provides, in part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterest persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

10. Section 328(a) of the Bankruptcy Code provides, in part, as follows:

> The Trustee . . . with the court's approval, may employ or authorize the employment of a professional person under § 327 . . . of this title . . . on any reasonable terms and conditions of employment including a retainer, an hourly basis, or on a contingent fee basis.

11 U.S.C. §328(a).

11. Fed.R.Bankr.P. 2014 provides, in part, as follows:

> An order approving the employment of attorneys, accountants, or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the Trustee.

12. The Trustee seeks to retain Integrity because:

   a. Integrity has extensive experience and knowledge in healthcare billing and service;

   b. according to information received, the Trustee believes that the delinquent accounts owed to the Debtor have value;

   c. the Debtor has ceased operations;

   d. collection of the delinquent accounts with Integrity's assistance is the best means by which the value of the assets can be determined and preserved;

   e. the Trustee believes that Integrity is well qualified to represent him as Collection Agent in this Chapter 7 case. Integrity has substantial expertise in both healthcare billing and service and will act as an agent for the Trustee in collection on delinquent accounts.

13. Obtaining Integrity's collection services is necessary to enable the Trustee to execute his duties faithfully. Integrity will be required to render services, as required, to the Trustee subject to the terms of the Affidavit attached hereto as Exhibit A and as set forth in the accompanying form of Order:

14. Integrity will perform the duties required by and in consultation with the Trustee in connection with any collection for a 30 percent (30%) commission calculated on the gross amount collected as hereinafter defined (individually and collectively, the "Collection Fee").

Integrity will be responsible for the cost of any such collections including any sub-contractors it uses, which sub-contractors shall be satisfactory to the Trustee.

15. Integrity will, upon completion of all services required by the Trustee in connection with any settlement, file an application for compensation for services rendered pursuant to Fed.R.Bankr.R. 2016 and applicable Local Bankruptcy Rules.

16. Integrity has informed the Trustee that it:

   a. has no connection with the Trustee, the Debtor's creditors or other parties in interest in this case;

   b. will turn over all proceeds of the settlement(s) to the Trustee with a detailed accounting and collection, will file an application seeking an order approving reimbursement of any expenses, labor to accommodate settlement or out-of-pocket costs in connection with any settlement.

17. Integrity has not requested or received a retainer in connection with this case.

18. Integrity is, in the Trustee's view, highly skilled. The Trustee, therefore, believes that the retention of Integrity is in the best interest of the Debtor, its estate and its creditors.

19. The Trustee has provided notice of this Application to the Office of the United States Trustee, to the Debtor, and to all parties requiring notice. Because of the nature of the relief requested, the Trustee respectfully submits that no other or further notice of the relief requested in this Application need be given.

20. No previous request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Trustee requests entry of an Order authorizing him to employ Integrity to represent him and the Debtor in this Chapter 7 case.

Dated: September 24, 2019  GELLERT SCALI BUSENKELL & BROWN, LLC

By: */s/ Gary F. Seitz*
Gary F. Seitz, Esquire
Holly S. Miller, Esquire
1628 John F. Kennedy Blvd, Suite 1901
8 Penn Center
Philadelphia, PA 19103
Telephone: (215) 238-0010
Facsimile: (215) 238-0016
Email: gseitz@gsbblaw.com
hsmiller@gsbblaw.com
Counsel to the Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** ) | Chapter 7 |
| ) | |
| **CITY LINE BEHAVIORAL** ) | Case No. 19-12493-mdc |
| **HEALTHCARE, LLC,** ) | |
| ) | |
| **Debtor.** ) | |
| ) | |

**AFFIDAVIT OF ERIC YORLANO PURSUANT TO
11 U.S.C. § §327 AND 328 AND FED.R.BANKR.P. 2014 AND 5002(b)**

Eric Yorlano, being duly sworn, deposes and says:

1. I am the President of Integrity Billing, Co. ("Integrity"), and submit this Affidavit pursuant to 11 U.S.C. § 327 and Fed.R.Bankr.P. 2014 and 5002(b) in support of the Motion of Gary F. Seitz, Esquire, Chapter 7 Trustee, for Order Authorizing the Employment of Integrity Billing, Co. as his Collection Agent Pursuant to §§ 327 and 328 of the Bankruptcy Code and Fed.R.Bankr.P. 2014.

2. To the best of my knowledge, information and belief, Integrity does not hold or represent any interest adverse to the estate of the above captioned debtor (the "Debtor") or the Trustee.

3. To the best of my knowledge, information and belief, as of the date hereof, Integrity:

   a. is not a creditor, an equity security holder or an insider of the Debtor;

   b. is not and was not an investment banker for any outstanding security of the Debtor;

   c. has not been, within three years before the commencement of this Chapter 7 case, an investment banker for a security of the Debtor or an attorney for such an

        investment banker in connection with the offer, sale or issuance of a security of the Debtor;

    d. is not and was not, within two years before the commencement of this Chapter 7 case, a director, officer, or employee of the Debtor or of an investment banker specified in this paragraph;

    e. does not have an interest materially adverse to the interest of the Trustee, the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in this paragraph, or for any other reason.

4.    Based upon the foregoing, I believe that Integrity is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

5.    To the best of my knowledge, information and belief, Integrity is not connected with the Trustee, the Debtor, its creditors, other known parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee except that Integrity may have performed such services on behalf of the Trustee or other parties in interest on matters unrelated to this assignment involving the Debtor or the Trustee.

6.    To the best of my knowledge, information and belief, Integrity is not and has not been connected with the Judge presiding over the Debtor's Chapter 7 case or the United States Trustee.

7.    Integrity will perform the duties required by and in consultation with the Trustee in connection with any settlement for a thirty percent (30%) commission calculated on the gross amount collected, as herein defined (individually and collectively, the "Collection Fee"). As used

herein, the "Gross Amount Collected" shall mean, for any times period, the total amount collected by Integrity on any delinquent accounts in cash or cash equivalents, whether through payments from debtor (whether in cash, securities or other forms).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September __, 2019

_____
Eric Yorlano,
Integrity Billing, Co.
1630 S Congress Ave, Suite 102
Palm Springs, Florida 33461