**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

IN RE:
    **CITY LINE BEHAVIORAL**    : CHAPTER 7
    **HEALTHCARE, LLC,**        :
               Debtor   : No. 19-12493-MDC

**STIPULATION of SETTLEMENT among OXFORD FINANCE LLC, GARY F. SEITZ,**
**ESQUIRE, CHAPTER 7 TRUSTEE and 225 CITY ASSOCIATES, L.P.**

225 City Associates, L.P. ( **"Landlord"**), by and through its counsel, Kaplin Stewart

Meloff Reiter & Stein, P.C., Daniel R. Utain, Esquire appearing, Oxford Finance LLC, in its

capacity as agent (**"Agent"**), by and through its counsel, Reed Smith LLP, Claudia Z. Springer,

Esquire appearing, Gary F. Seitz, Esquire, in his capacity as Chapter 7 Trustee for the Estate of

City Line Behavioral Healthcare, LLC, formerly known as Liberation Behavioral Health, LLC,

(the **"Trustee"**), by and through his counsel, Gellert Scali Busenkell & Brown, LLC,  Holly

Smith Miller, Esquire appearing in the above-captioned case hereby stipulate and agree as

follows:

    1.     On April 17, 2019, the Debtor filed the instant Chapter 7 case.

    2.     On May 22, 2019, Landlord filed its Motion pursuant to 11 U.S.C. § § 362(d) and

(e) for relief from the automatic stay to recover possession of commercial space known as Suite

15 in the building located at 225 City Avenue, Bala Cynwyd, PA 19004 (the **"Premises"**).

    3.     On August 8, 2019, Landlord and Trustee filed a Stipulation dated August 7, 2019

(**"Stipulation"**).

    4.     On August 13, 2019, an Order was entered approving the Stipulation, which

provides in part, that the "Lease Agreement" dated March 9, 2016 (**"Lease"**) by and between

Landlord and Liberation Way, LLC, Debtor's related entity, for the rental of the Premises shall be

deemed rejected as of August 11, 2019, that Trustee surrender possession to Landlord, and that the Trustee and Landlord attempt to reach a settlement as to the amount of the administrative claim for post-petition rent.

5. Trustee surrendered the Premises on August 11, 2019 but was unable to reach a settlement with Landlord as to the appropriate amount of allowed administrative claim.

6. On January 13, 2020, Landlord, filed its Motion for Allowance of Administrative Expense Claim ("**Motion**") in an amount no less than $74,460.05 ("**administrative rent claim**").

7. The Trustee filed objections to the Motion alleging that Landlord had full and complete access to the Premises in all times post-petition, among other things.

8. Agent filed objections to the Motion stating that it does not consent to the use of cash collateral or other collateral proceeds in connection with the administrative claim.

9. Trustee has agreed to pay Landlord $7,500.00 from the proceeds from the sale of a repossessed motor vehicle (Ford Motor Credit) of the Debtor (the **Specified Vehicle**"), in full and final settlement of the administrative rent claim, which Landlord has agreed to accept.

10. The parties wish to memorialize the foregoing agreement, on the terms and conditions set forth below.

**NOW, THEREFORE,** each intending to be legally bound, the parties hereto agree as follows:

1. The foregoing background is complete and accurate in all material respects and is incorporated herein by reference.

2. Within thirty (30) days after Court approval of this Stipulation, the Trustee shall tender the sum of $7,500.00 from the proceeds of the sale of the Specified Vehicle (the "**Settlement Payment**") to the Landlord by way of his counsel.

3.    The Landlord agrees to accept the Settlement Payment in full and final settlement of its administrative rent claim.

4.    The objections to the Motion filed by the Trustee and Agent are hereby withdrawn.

5.    This Stipulation represents the full and final agreement of the parties regarding the subject matter hereof.

6.    This Stipulation may be executed in counterparts, each of which shall constitute an original, and all of which taken together shall constitute a single document. The telecopied or emailed signature of a party hereto shall be as binding as an original ink signature.

**KAPLIN STEWART MELOFF
REITER & STEIN, P.C.**

                              **GELLERT SCALI BUSENKELL
& BROWN LLC**

**BY:** _____

DANIEL. R. UTAIN, ESQUIRE
Attorneys for 225 City Associates, L.P.

**BY:** _____

HOLLY S. MILLER, ESQUIRE
Attorneys for Chapter 7 Trustee

**REED SMITH LLP**

**BY:** _____

CLAUDIA Z SPRINGER, ESQUIRE
Co-Counsel for Oxford Finance LLC

2.      Within thirty (30) days after Court approval of this Stipulation, the Trustee shall tender the sum of $7,500.00 from the proceeds of the sale of the Specified Vehicle (the **"Settlement Payment"**) to the Landlord by way of his counsel.

3.      The Landlord agrees to accept the Settlement Payment in full and final settlement of its administrative rent claim.

4.      The objections to the Motion filed by the Trustee and Agent are hereby withdrawn.

5.      This Stipulation represents the full and final agreement of the parties regarding the subject matter hereof.

6.      This Stipulation may be executed in counterparts, each of which shall constitute an original, and all of which taken together shall constitute a single document.  The telecopied or emailed signature of a party hereto shall be as binding as an original ink signature.

**KAPLIN STEWART MELOFF
REITER & STEIN, P.C.**

BY:_____
        DANIEL. R. UTAIN, ESQUIRE
        Attorneys for 225 City Associates, L.P.

**GELLERT SCALI BUSENKELL
& BROWN LLC**

BY:_____
        HOLLY S. MILLER, ESQUIRE
        Attorneys for Chapter 7 Trustee

**REED SMITH LLP**

BY:_____
        CLAUDIA Z SPRINGER, ESQUIRE
        Co-Counsel for Oxford Finance LLC

13971/91/6311060v1

## ORDER

**AND NOW**, this _____ day of February 2020, it is hereby **ORDERED** that:

1.     The above stipulation is APPROVED as an Order of Court; and

2.     The 14-day stay of Bankruptcy Rule 4001 shall not apply; and this Order shall take

effect immediately upon entry.

BY THE COURT:

_____

MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE