**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **CITY LINE BEHAVIORAL HEALTHCARE, LLC,** | ) | **Case No. 19-12493-MDC** |
| **Debtor.** | ) | |
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **LIFE OF PURPOSE PENNSYLVANIA, LLC,** | ) | **Case No. 19-12495- MDC** |
| **Debtor.** | ) | |
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **MCI REAL ESTATE HOLDINGS, LLC,** | ) | **Case No. 19-12496- MDC** |
| **Debtor.** | ) | |

**APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AUTHORITY TO
EMPLOY AND RETAIN SPIRO HARRISON PURSUANT TO SECTION 327(a) AND
328 (a) AND BANKRUPTCY RULES 2014 AND 2016
<u>AS SPECIAL LITIGATION COUNSEL</u>**

Gary F. Seitz, Esquire, the Chapter 7 trustee (the "Chapter 7 Trustee") of the bankruptcy estate of the above-captioned debtors (the "Debtors"), hereby respectfully submits this application (the "Application"), pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to employ and retain Spiro Harrison ("Spiro Harrison" or the "Firm") as special litigation counsel to the Chapter 7 Trustee, in consulting and advising the

Chapter 7 Trustee regarding claims and litigation against directors and officers of the Debtors and claims against certain advisors and other third parties, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

## BACKGROUND

4.  On April 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

5.  On April 17, 2019, Gary F. Seitz was appointed as the Chapter 7 Trustee.

6.  The Chapter 7 Trustee seeks to retain Spiro Harrison to act as his special litigation counsel with respect to claims and litigation against directors and officers of the Debtor and claims against certain advisors and other third parties.

7.  Section 328(a) of the Bankruptcy Code empowers a Chapter 7 trustee to employ, subject to court approval, an attorney to perform services for a Chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

8.  Pursuant to section 327 of the Bankruptcy Code, a Chapter 7 trustee may employ an attorney to represent or assist the Chapter 7 trustee in carrying out the trustee's duties

2

only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

9. Spiro Harrison has advised the Chapter 7 Trustee that neither Spiro Harrison nor any partner, counsel or associate of Spiro Harrison (i) holds a disqualifying conflict or adverse interest in connection with the Debtor's case; or (ii) represents any other entity having a disqualifying adverse interest in connection with the Debtor's case.

10. The Chapter 7 Trustee has selected Spiro Harrison because of its attorneys' experience and knowledge with respect to bankruptcy and commercial litigation matters and believes that Spiro Harrison has no disqualifying conflict of interest.

11. Spiro Harrison has not—except as disclosed in the Verified Statement—and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Chapter 7 Trustee, the Debtor, or this Chapter 7 case.

12. The Chapter 7 Trustee believes Spiro Harrison is qualified to represent the Chapter 7 Trustee in this case and has determined, in the exercise of his business judgment, that Spiro Harrison has the experienced litigation counsel necessary and required to prosecute certain causes of action for the benefit of the bankruptcy estate.

13. The services Spiro Harrison may be required to render for the Chapter 7 Trustee include, without limitation, the following:

   (a) investigate claims against directors and officers of the Debtor and certain advisors and other third parties who owed a duty of care to the Debtor;

   (b) represent the estate's interest in pursuit of the claims set forth in subsection (a); and

   (c) provide the Chapter 7 Trustee with legal advice with respect to resolution and possible settlement of any such litigation.

14. Spiro Harrison has agreed to handle this matter on a contingency fee basis. In the event there is a Recovery, the Chapter 7 Trustee shall pay a "Result Fee" in the following amounts:

- Upon engagement, 35% of any gross Recoveries resulting in any part from the Firm's work in the foregoing matters;

- Upon the Firm filing litigation in the foregoing matters and the litigation proceeding past motions to dismiss, an additional 5%, for a total of 40% of gross Recoveries resulting in any part from the Firm's work in the matters.

- "Recoveries" shall mean the total of all amounts received by settlement, arbitration award or judgment, including any award of attorney's fees. The Chapter 7 Trustee's share of the Recovery shall be the balance remaining after reimbursement of costs and expenses and payment of the Result Fee.

15. The Result Fees shall be earned and shall become due and owing upon any settlement or judgment in any case that is investigated and/or filed by Spiro Harrison but shall be paid solely from the proceeds of any settlement or judgment. The Result Fee shall be computed by multiplying the applicable percent against the amount paid to the Debtor or its estate resulting from a settlement or judgment, less the amount of any expenses incurred. In the event of a structured settlement or payments made over time, Spiro Harrison shall be entitled to take its fee based on a present value calculation.

16. Spiro Harrison will advance any out-of-pocket fees, costs, or expenses, including, without limitation, adversary filing fees. For the avoidance of doubt, the Chapter 7 Trustee and Spiro Harrison hereby acknowledge and agree that none of "Agent" nor any "Lender" (as such terms are defined in the below-defined Settlement Agreement) will have any obligation to pay or otherwise satisfy any such out of pocket fees, costs, expenses, or other obligations that may at any time, and from time to time, be owing to Spiro Harrison.

17. In litigation wherein a contingency fee is requested, Spiro Harrison's practice is not to bill clients based on the number of hours expended by its professionals. Further, because of the

4

nature of the work to be performed for the estate, it is not practical for Spiro Harrison's professionals to maintain detailed time records for the work performed.

18. By this Application, the Chapter 7 Trustee requests that the Court enter an order authorizing the employment of Spiro Harrison as special litigation counsel to provide the services described herein pursuant to 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

19. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

20. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of . . . attorneys pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and ... a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

21. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee . . . , with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

22. The Chapter 7 Trustee contends that Spiro Harrison's employment is necessary and in the best interests of the bankruptcy estate.

5

23. Notwithstanding anything in this Application to the contrary, the Chapter 7 Trustee and the Firm acknowledge, confirm, and agree that the terms of this Application and the Firm's engagement agreement are and will be subject to the terms, conditions and requirements imposed on the Chapter 7 Trustee under that certain Settlement Agreement By and Between the Chapter 7 Trustee and Oxford Finance, LLC, as Agent, dated as of October 21, 2019, and effective as of November 21, 2019, as amended or otherwise modified from time to time (the "Settlement Agreement"), and that the term "Trustee's Counsel" as defined in the Settlement Agreement does not include the Firm in its capacity as special litigation counsel to the Chapter 7 Trustee as contemplated in this Application.

## CONCLUSION

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an Order, substantially in the form of the Order annexed hereto, authorizing the retention of Spiro Harrison as special litigation counsel to the Chapter 7 Trustee, subject to the terms of this Application, in connection with the Debtor's Chapter 7 case and grant such other and further relief as is just.

Dated: May 21, 2020                    GELLERT SCALI BUSENKELL & BROWN LLC

By:    /s/ *Holly S. Miller*
Gary F. Seitz (PA ID #52865)
Holly S. Miller (PA ID # 203979)
8 Penn Center
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA 19103
Telephone: 215-238-0010
Facsimile: 215-238-0016
gseitz@gsbblaw.com
hsmiller@gsbblaw.com
*Proposed Special litigation counsel to the Chapter 7 Trustee*

6