IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>CITY LINE BEHAVIORAL HEALTHCARE, LLC,<br><br>*Debtor.* | Chapter 7<br><br>Bky. No: 2:19-BK-12493 |

**SECOND INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF SPIRO HARRISON AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE FOR THE PERIOD AUGUST 5, 2020 THROUGH AUGUST 2, 2023**

Spiro Harrison & Nelson ("Applicant"), counsel to the Trustee, Gary F. Seitz, in accordance with Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rule 2016-1, applies under 11 U.S.C. §§ 330 and 331 of the Bankruptcy Code for an award of compensation and reimbursement of actual, necessary expenses, and represents as follows:

**Part A: Preliminary Statement**

1. Applicant is special litigation counsel to Gary F. Seitz, the Chapter 7 Trustee ("Trustee") of City Line Behavioral Healthcare, LLC, formerly known as Liberation Behavioral Health, LLC ("Debtor").

2. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Trustee.

3. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

4. The expenses described in this Application are actual, necessary expenses.

5. This application seeks compensation for Applicant's services and reimbursement for associated expenses incurred in resolving three disputes in which the Applicant represented the

Trustee. The first is an adversary proceeding captioned *Seitz v. Rothermel, et al. (In re City Line Behavioral Healthcare, LLC)*, Adversary No. 21-00075-mdc ("Adversary Action"), which the Trustee filed against defendants Andrew Rothermel, Thomas Greer, Jeffrey Muir, Vincent Olmstead, and Thomas Leahey. The second is captioned *Seitz v. Wesco Insurance Company*, Adversary No. 22-00057-mdc ("Coverage Action"). The third was a pre-litigation dispute between the Trustee and Duane Morris LLP ("Duane Morris Action," and together with the Adversary Action and the Coverage Action, the "Actions").

6. In the Adversary Action, the Trustee entered into a Settlement and Release Agreement with defendant Thomas Leahey on or about August 23, 2022 ("Leahey Settlement").

7. The Trustee entered into a global settlement with the remaining defendants in the Adversary Action—Rothermel, Greer, Muir, and Olmstead (the "Rothermel Defendants")—and the defendant in the Coverage Action, Wesco Insurance Company ("Wesco"), in a Settlement and Release Agreement on or about March 3, 2023 ("Rothermel/Wesco Settlement").

8. In the Duane Morris Action, the Trustee entered into a Settlement Agreement and Mutual Release with Duane Morris on or about May 5, 2023 ("Duane Morris Settlement").

9. Applicant negotiated each settlement on behalf of the Trustee. The Court approved the Leahey Settlement by Order entered on October 27, 2022, the Rothermel/Wesco Settlement by Order entered on June 6, 2023, and the Duane Morris Settlement by Order entered on August 2, 2023.

10. This application also seeks reimbursement for Applicant's e-discovery expenses incurred in connection with its general representation of the Trustee, including for managing, processing, hosting, reviewing, and storing electronically stored information ("ESI Expenses").

## <u>Part B: General Information</u>

1. **Period**: August 5, 2020 to August 2, 2023.

Final Application ______

Interim Application __x__

| | Requested |
|---|---|
| Fees | $434,000.00 |
| Expenses | $16,433.44 |
| Total | $450,433.44 |

Of the total fees amount, $4,000.00 is attributable to the Leahey Settlement, $220,000.00 is attributable to the Rothermel/Wesco Settlement, and $210,000 is attributable to the Duane Morris Settlement. Of the total expenses amount, $1,789.14 is attributable to the Adversary Action, $1,716.67 is attributable to the Coverage Action, $4,308.63 is attributable to the Duane Morris Action, $8,619.00 is attributable to ESI Expenses.

2. **General Information**

a. The case was filed on April 17, 2019.

b. The application to approve Applicant's employment was filed on May 21, 2020.

c. Applicant's employment was approved on June 9, 2020.

d. The first date that Applicant rendered services in the case was March 10, 2020.

e. Compensation requested is under 11 U.S.C. §§ 330 and 331.

f. Fees awarded will be paid from the estate.

g. This application is not for a period less than 120 days after the filing of the case or less than 120 days after the end of the period of the last application.

3. **Prior Applications**

| Application | Date Filed | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|
| First | 9/30/2022<br>Dkt. No. 197 | $310,000.00 | $460.80 | $310,000.00 | $460.80 |

4. **Attorneys Billing for Current Period**

The following attorneys worked on the Adversary Action during the current period: Jason Spiro, Michael Sullivan, Carolyn Rendell, Joseph Esposito, and Dana Citron.

The following attorneys worked on the Coverage Action during the current period: Jason Spiro, Michael Sullivan, Carolyn Rendell, and Dana Citron.

The following attorneys worked on the Duane Morris Action during the current period: Jason Spiro, Michael Sullivan, and Dana Citron.

5. **Paralegals Billing for Current Period**

The following paralegals worked on the Adversary Action during the current period: Will Pritchett.

The following paralegals worked on the Coverage Action during the current period: Jillian Finn and Will Pritchett.

The following paralegals worked on the Duane Morris Action during the current period: Will Pritchett.

6. **Billing Rates**

Applicant agreed to represent the Trustee as special litigation counsel on a contingency fee basis in connection with the Actions. In the event of a recovery in the Actions, the Trustee agreed to pay the Applicant a "Result Fee" according to the following terms:

- Upon engagement, 35% of any gross Recoveries resulting in any part from the Applicant's work.

- Upon the Applicant filing litigation and the litigation proceeding past motions to dismiss, an additional 5%, for a total of 40% of gross Recoveries resulting in any part from the Applicant's work.
- "Recoveries" means the total of all amounts received by settlement, arbitration award or judgment, including any award of attorneys' fees. The Trustee's share of the Recovery is the balance remaining after reimbursement of costs and expense and payment of the Result Fee.

## Part C: Billing Summary

1. **Description of Services.**

A. The Adversary Action

Prior to filing the Adversary Action, Applicant investigated the facts and legal issues underlying the action, including by reviewing voluminous public records relating to the criminal prosecutions of, and civil litigations against, certain of Debtor's former officers, directors, and owners, and researching potential causes of action the Trustee had against the defendants in the Adversary Action and related legal issues regarding those claims. Applicant prepared a Complaint against the defendants and filed it on September 20, 2021.

The Rothermel Defendants were represented by the same counsel. After filing an Answer and Counterclaims on March 22, 2022, the Rothermel Defendants filed a motion to withdraw the reference of the action to the Bankruptcy Court, which transferred the case to the United States District Court for the Eastern District of Pennsylvania ("District Court") under Case No. 21-mc-00083-WB. Applicant opposed that motion, which the District Court denied by Memorandum Opinion and Order entered on March 2, 2022. The case then proceeded in the Bankruptcy Court.

Between March and April 2022, the Rothermel Defendants filed a First Amended Answer and Counterclaims and a Second Amended Answer and Counterclaims, while Leahey filed a motion to dismiss (which the Rothermel Defendants joined). On May 5, 2022, the Trustee filed

an Amended Complaint. The Rothermel Defendants filed a motion to dismiss the Amended Complaint on May 17, 2022, which was fully briefed by the parties by June 2022.

Leahey did not respond to the Amended Complaint, as the Trustee had by then engaged in advanced settlement discussions with Leahey. The Trustee and Leahey continued to negotiate the settlement over the following months and executed the Leahey Settlement by August 23, 2022. Applicant prepared and filed a motion for approval of the settlement with the Bankruptcy Court, which was granted by Order entered on October 27, 2022. The settlement provided, among other things, that Leahey would pay the Trustee $10,000.

By August 2022, the Trustee and the Rothermel Defendants had also entered into negotiations for a possible resolution of the case. The negotiations were complex as they involved numerous parties and both the Trustee's and the Rothermel Defendants' potential claims under an insurance policy issued by Wesco to the Debtor. As the negotiations progressed over the course of several months, the Trustee and the Rothermel Defendants requested a stay of the proceedings in August 2022, before the Rothermel Defendants' motion to dismiss was decided, to continue settlement negotiations. The Bankruptcy Court approved the stay by Order entered on September 15, 2022.

B. <u>The Coverage Action</u>

Prior to filing the Coverage Action against Wesco, Applicant investigated the facts and legal issues underlying the action, including by reviewing the terms of the insurance policy issued by Wesco and the potential areas of coverage under the policy, and researching potential causes of action the Trustee had against Wesco in connection with the policy. Applicant engaged in correspondence and negotiation on behalf of the Trustee with Wesco and its counsel between September 2021 and June 2022 regarding the Trustee's claims under the policy.

Unable to resolve the Trustee's claims, Applicant prepared a Complaint against Wesco and filed it on July 1, 2022. Before responding to the Complaint, the parties continued discussions regarding a potential resolution and agreed to file a stipulation requesting a stay while they pursued negotiations on September 1, 2022. The Bankruptcy Court approved the stipulation on September 14, 2022.

C. Settlement Discussions with the Rothermel Defendants and Wesco

The parties, issues, claims, and defenses in the Trustee's claims against the Rothermel Defendants (and the Rothermel Defendants' counterclaims against the Trustee) and Wesco overlapped. Accordingly, by September 2022, all parties agreed to engage in a global mediation to try to resolve the disputes among them. Applicant prepared a mediation statement on behalf of the Trustee and attended the mediation on December 16, 2022 before the Honorable Thomas J. Rueter, U.S.M.J. (Ret.). The parties successfully negotiated a global resolution of their claims at the mediation. They then spent several months exchanging drafts of a settlement agreement. Given the numerous claims and interests at issue, the settlement was complex. After the agreement was finalized in February 2023, Applicant prepared and filed a motion for approval of the settlement with the Bankruptcy Court. The Bankruptcy Court approved the settlement on June 6, 2023. The settlement provided, among other things, that Wesco would pay the Trustee $550,000.

D. The Duane Morris Action

In early 2021, Applicant served a letter on Duane Morris advising it of certain claims the Trustee had against Duane Morris as former counsel to the Debtor and its affiliate, Life of Purpose-Pennsylvania, LLC, formerly known as Liberation Way, LLC. Prior to serving the demand letter, Applicant investigated the facts and legal issues underlying the claims against Duane Morris, including by reviewing voluminous public documents relating to the criminal prosecutions of, and

civil litigations against, certain of Debtor's former officers, directors, and owners, documents produced by various third-parties, and the Debtor's records, and researching potential causes of action the Trustee had against Duane Morris.

Over the following ten months, Applicant and counsel for Duane Morris engaged in substantial correspondence regarding the substantive claims and defenses at issue between the parties. That correspondence required review of additional substantial documentation provided by Duane Morris. The Trustee ultimately prepared a Complaint against Duane Morris and served it on Duane Morris in December 2021, but did not file it. The parties engaged in further correspondence and negotiations into 2022, ultimately agreeing to mediation. In September 2022, the parties successfully mediated their dispute before Judge Rueter. Over the following months, the parties spent significant time negotiating the terms of a settlement agreement, which was agreed to and executed by May 2023.

After the settlement agreement was finalized, Applicant prepared and filed a motion for approval of the settlement with the Bankruptcy Court. The Bankruptcy Court approved the settlement on August 2, 2023. The settlement provided, among other things, that Duane Morris would pay the Trustee $600,000.

2. **Categories of Service.**

All of Applicant's services in connection with the Actions involved litigation services, as set forth in the description of services provided above.

In light of the substantial amount of work performed by Applicant, the complexity of the issues litigated, the multiple pleadings and amended pleadings drafted, successful defense of a motion to withdraw the reference, the briefing of a motion to dismiss, preparation of a mediation statement and participation in the mediation, the intertwined nature of the disputes involving the

Rothermel Defendants and Wesco, the fact that the Actions were litigated extensively for more than a year, and the successful outcome for the Trustee, Applicant seeks an award of 40% of the gross recoveries resulting from the settlements in the Adversary Action and the Coverage Action, as provided in the Applicant's engagement agreement. Accordingly, Applicant is entitled to $4,000 in compensation for the Leahey Settlement (40% of $10,000) and $220,000 in compensation for the Rothermel/Wesco Settlement (40% of $550,000), for a total of $224,000.

Applicant seeks an award of 35% of the $600,000 gross recovery ($210,000) resulting from the settlement of the Duane Morris Action, because, while resolution of that dispute required substantial effort for more than two years, the dispute did not result in Applicant filing a lawsuit on the Trustee's behalf that proceeded to the motion to dismiss phase.

**Part D Expense Summary**

Applicant incurred the below expenses in connection with the Adversary Action for which it seeks reimbursement:

| Date | Expense Description | Amount |
|---|---|---|
| 1/20/22 | Filing fee | $40.00 |
| 1/27/22 | Postage | $32.48 |
| 12/2/22 | Mediation invoice (50%) | $1,566.66 |
| 12/13/22 | Mediation invoice (50%) | $150.00 |
| | **TOTAL** | $1,789.14 |

Applicant incurred the below expenses in connection with the Coverage Action for which it seeks reimbursement:

| Date | Expense Description | Amount |
|---|---|---|
| 12/2/22 | Mediation invoice (50%) | $1,556.67 |
| 12/13/22 | Mediation invoice (50%) | $150.00 |
| | **TOTAL** | $1,716.67 |

Applicant incurred the below expenses in connection with the Duane Morris Action for which it seeks reimbursement:

| Date | Expense Description | Amount |
|---|---|---|
| 3/17/22 | Parking and transportation costs for meeting in Philadelphia with Duane Morris's counsel | $130.43 |
| 11/14/22 | Mediation invoice | $4,033.33 |
| 11/30/22 | Parking and transportation costs for mediation in Philadelphia | $144.87 |
| | **TOTAL** | $4,308.63 |

Applicant incurred the below expenses in connection with the ESI Expenses for which it seeks reimbursement:

| Date | Expense Description | Amount |
|---|---|---|
| 8/5/20 | ESI management/hosting | $325.75 |
| 10/6/20 | ESI management/hosting | $287.25 |
| 11/4/20 | ESI management/hosting | $250.00 |
| 11/30/20 | ESI management/hosting | $250.00 |
| 1/10/21 | ESI management/hosting | $250.00 |
| 2/8/21 | ESI management/hosting | $250.00 |
| 2/28/21 | ESI management/hosting | $250.00 |
| 4/12/21 | ESI management/hosting | $250.00 |
| 5/16/21 | ESI management/hosting | $250.00 |
| 5/31/21 | ESI management/hosting | $250.00 |
| 7/13/21 | ESI management/hosting | $250.00 |
| 7/31/21 | ESI management/hosting | $250.00 |
| 8/31/21 | ESI management/hosting | $250.00 |
| 9/30/21 | ESI management/hosting | $253.75 |
| 10/31/2 | ESI management/hosting | $250.00 |
| 11/30/21 | ESI management/hosting | $250.00 |
| 12/31/21 | ESI management/hosting | $250.00 |
| 1/31/22 | ESI management/hosting | $250.00 |
| 2/28/22 | ESI management/hosting | $252.25 |
| 3/31/22 | ESI management/hosting | $250.00 |
| 4/30/22 | ESI management/hosting | $250.00 |
| 5/31/22 | ESI management/hosting | $250.00 |
| 6/30/22 | ESI management/hosting | $250.00 |
| 7/31/22 | ESI management/hosting | $250.00 |
| 9/13/22 | ESI management/hosting | $250.00 |
| 9/30/22 | ESI management/hosting | $250.00 |
| 10/31/22 | ESI management/hosting | $250.00 |
| 12/1/22 | ESI management/hosting | $250.00 |

| Date | Expense Description | Amount |
|---|---|---|
| 1/1/23 | ESI management/hosting | $250.00 |
| 1/31/23 | ESI management/hosting | $250.00 |
| 2/28/23 | ESI management/hosting | $250.00 |
| 3/31/23 | ESI management/hosting | $250.00 |
| 4/30/23 | ESI management/hosting | $250.00 |
| 5/31/23 | ESI management/hosting | $250.00 |
| | **TOTAL** | $8,619.00 |

WHEREFORE, Applicant requests an award of $434,000.00 in compensation and $16,433.44 in reimbursement of actual, necessary expenses.

Dated: August 8, 2023

*/s/ Jason C. Spiro*

Jason C. Spiro
SPIRO HARRISON & NELSON
2 Bridge Avenue, Suite 322
Red Bank, NJ 07701
Tel. (732) 784-1470
Fax (973) 232-0887
jspiro@shnlegal.com

*Attorneys for Gary F. Seitz, as Trustee of City Line Behavioral Healthcare, LLC*