**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IN RE: | : | Chapter 7 |
|  | : |  |
| CITY LINE BEHAVIORAL HEALTHCARE, LLC., | : | Case No. 19-12493(AMC) |
|  | : |  |
| Debtor. | : |  |

**APPLICATION OF ANDREA DOBIN, SUCCESSOR CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY McMANIMON SCOTLAND & BAUMANN, LLC AS HER COUNSEL AS OF JANUARY 29, 2025**

Andrea Dobin, the successor Chapter 7 Trustee (the "Trustee") serving in the bankruptcy proceeding of City Line Behavioral Healthcare, LLC (the "Debtor") respectfully submits this Application pursuant to 11 U.S.C. §327 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure for authority to retain McManimon Scotland & Baumann, LLC ("MSB") as her counsel (the "Application") and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this application which is a core proceeding. 28 U.S.C. §157(b)(2)(A), 1334.

2. Venue of this proceeding and the Application is proper in this district pursuant to 28 U.S.C. §1408 and 1409.

3. The Trustee is entitled to the relief sought herein by virtue of 11 U.S.C. §327 and Fed.R.Bankr.P. 2014.

**BACKGROUND**

4. On April 17, 2019, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

5. Additionally on April 17, 2019, Gary F. Seitz was appointed the Chapter 7 Trustee by the United States Trustee.

6. On July 29, 2024, Gary F. Seitz resigned from his position as Trustee in this matter.

7. On August 2, 2024, Andrea Dobin (the "Successor Trustee") was appointed to serve as successor trustee in this matter.

8. Based upon the procedural posture at the time of her appointment, the Successor Trustee did not believe it necessary or appropriate to retain counsel at that time. Since then, she has realized that she requires the services of counsel to represent her in this matter.

9. The Successor Trustee has, in her judgment, identified issues related to the judgment obtained in the Adversary Proceeding against First Clearing Corp. (Adv. Pro. No. 21-00033-AMC), which could justify vacating said judgment and reinstating the litigation after properly identifying the defendant.

10. Section 327 of the Bankruptcy Code allows a Chapter 7 trustee to employ an attorney to represent or assist him/her in carrying out the duties of a trustee only if the attorney is disinterested, as defined in 11 U.S.C. §101(14) and does not hold or represent an interest adverse to the Estate.

11. Section 328(a) of the Bankruptcy Code allows a Chapter 7 trustee to employ an attorney to perform services for a Chapter 7 trustee subject to reasonable terms and conditions, on an hourly basis or a contingent fee basis.

12. MSB has advised the Successor Trustee that neither MSB nor any partner, counsel or associate of MSB (i) is not disinterested nor (ii) represents any entity having a disqualifying adverse interest in connection with the Debtor's case.

13. The Successor Trustee has selected MSB because of its attorneys' experience representing trustees in bankruptcy proceedings, generally and because MSB has no disqualifying conflicts of interest and will advise the Successor Trustee and the Court should anything change with regard to these representations.

14. The services MSB may be required to provide to the Successor Trustee and the Estate include, without limitation, as follows:

   a. Review and, if necessary, vacate the judgment obtained in the First Clearing Corp. Adversary Proceeding and reinstate the litigation;

   b. Review fee applications of all professionals;

   c. Assist in the claims review and resolution process, to the extent that the Successor Trustee needs assistance; and

   d. Provide any other and further assistance on legal issues as they may arise.

15. MSB has asked to be compensated on an hourly basis, plus reimbursements of actual and necessary expenses that MSB incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered and in accordance with the national and local rules that govern compensation and reimbursement of expenses on an interim basis.

16. The attorneys and paralegals expected to work on this matter are identified below with their respective rates:

   a. Andrea Dobin, Esq. (admitted 1990):    $525

      b.      Scott D. Platton, Esq. (admitted 2022):      $285

      c.      Bernadette Chillemi, Paralegal:      $190

      d.      Terri Olsen, Legal Assistant:      $175

MSB may assign other professionals to work on this matter whose rates are the same as those disclosed, or less. Historically MSB increases its rates in January of each year. The Successor Trustee believes that these rates are reasonable and reflect current market rates.

## **CONCLUSION**

**WHEREFORE**, the Successor Trustee respectfully requests that the Court enter an Order authorizing retention of MSB as counsel to the Successor Trustee in this matter and grant such other and further relief as is just and warranted.

Dated:  January 29, 2025
       Trenton, New Jersey

                                    */s/ Andrea Dobin*
                                Andrea Dobin, Successor Trustee in the
                                Estate of City Line Behavioral
                                Healthcare, LLC
                                427 Riverview Plaza
                                Trenton, NJ  08611
                                Telephone: (973) 323-8667
                                adobin@msbnj.com