**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | : |
| | : |
| | : **Chapter 7** |
| **CITY LINE BEHAVIORAL** | : |
| **HEALTHCARE, LLC,** | : **Case No. 19-12493-AMC** |
| | : |
| **Debtor.** | : |
| | : |

**ORDER GRANTING APPLICATION OF SUCCESSOR**
**CHAPTER 7 TRUSTEE TO EMPLOY OBERMAYER**
**REBMANN MAXWELL & HIPPEL LLP AS LITIGATION COUNSEL**

AND NOW this _____ day of _____, 2025, upon consideration of the Application of Andrea Dobin, the Successor Chapter 7 Trustee (the "Trustee") serving in the bankruptcy proceeding of City Line Behavioral Healthcare, LLC (the "Debtor") to employ Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer"), as Litigation Counsel (the "Application") in this bankruptcy case, and it appearing that the Obermayer attorneys are duly admitted to practice in this Court, and the Court being satisfied that Obermayer does not represent any other party-in-interest or hold an interest adverse to the Debtor in this case and is a disinterested person within the meaning of 11 U.S.C. § 101(14), it is hereby:

ORDERED that the Application is granted in its entirety; and it is further

ORDERED that the Trustee is hereby authorized to retain and employ Obermayer, as Litigation Counsel, in the within proceeding under Chapter 7 of the United States Bankruptcy Code for the purposes state in the Application (the "Litigation"); and it is further

ORDERED that compensation for professional services of Obermayer shall be charged at the blended hourly billing rate of $250.00 per hour and out of pocket costs and expenses incurred will also be reimbursed by the bankruptcy estate; and it is further

ORDERED that in addition to the hourly fees paid by the bankruptcy estate, once the Litigation is resolved, Obermayer will receive a contingent fee calculated as follows: (i) twenty five percent (25%) if resolved before suit; (ii) thirty percent (30%) if resolved after suit but before trial; and (iii) forty percent (40%) after trial commences with a cap on recovery (at any stage in the retention) of not more than fifty percent (50%) of the net recoveries of the Litigation; and it is further

ORDERED that compensation to Obermayer is only to be allowed by order of this Court upon submission of an application for compensation in conformity with the United States Bankruptcy Code, applicable Bankruptcy Rules, and *In re Busy Beaver Building Center, Inc.*, 19 F.3d 833 (3rd Cir. 1994).

BY THE COURT:

_____
The Honorable Ashely M. Chan
Chief United States Bankruptcy Judge